UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONLEY WALLACE, § | | |
| DEBRA THORNTON, AND § | | |
| JOAN MORGAN, § | | |
| § | | |
| *Plaintiffs*, § | Civil No. 4:19-cv-00329 | |
| § | | |
| v. § | | |
| § | JURY DEMANDED | |
| QUALITY ELECTRIC STEEL § | | |
| CASTINGS, L.P. § | | |
| § | | |
| *Defendant*. § | | |

**DEFENDANT QUALITY ELECTRIC STEEL CASTINGS, L.P.'S
MOTION TO ENFORCE MEDIATION AGREEMENT**

Defendant Quality Electric Steel Castings, L.P. ("Quality Electric") moves to enforce the Mediation Agreement entered into between Plaintiffs Conley Wallace, Debra Thornton, and Joan Morgan (collectively "Plaintiffs"), on the one hand, and Quality Electric, on the other, and will show the following:

**Factual Background**

1. Plaintiffs Wallace, Thornton and Morgan filed a Complaint with this Court on January 30, 2019, in which they asserted claims of age discrimination against Quality Electric as a result of their terminations in 2017 during a reduction-in-force. Plaintiff Thornton also alleged that she had been terminated because of her sex and disability.

2. On August 1, 2019, the Court referred the case to United States Magistrate Judge Dena Palermo for mediation.

3. The case was successfully mediated before Judge Palermo on October 17, 2019.

4. After the parties reached agreement, Judge Palermo prepared a written Mediation Agreement memorializing the terms of the agreement that had been reached, with the understanding

that a formal agreement would later be drafted. All of the parties signed the Mediation Agreement. A redacted copy of the signed Mediation Agreement (with the dollar amounts redacted) is attached as Exhibit A.

5.      After the Mediation Agreement had been signed, Judge Palermo verbally questioned each of the parties as to whether the Mediation Agreement accurately reflected the agreement that had been reached, whether they were agreeing to its terms voluntarily, and whether they had sought the advice of counsel before signing. The three plaintiffs and the corporate representative answered each of these questions in the affirmative.

6.      Pursuant to the terms of the Mediation Agreement, Defendant's counsel prepared a formal Settlement and Release Agreement ("Settlement Agreement"), which he e-mailed to Plaintiffs' counsel on October 18, 2019.

7.      On October 21, 2019, Plaintiffs' counsel asked Defendant's counsel to add a provision in the Settlement Agreement where Quality Electric agreed that it would provide a neutral reference for the Plaintiffs if one was ever requested. Defendant's counsel immediately added the requested provision and returned the Settlement Agreement.

8.      On October 22, 2019, Plaintiff's counsel sent an e-mail to Defendant's counsel stating: "In a stunning turn of events, my clients now refuse to sign and settle." A copy of the e-mail is attached as Exhibit B.

9.      On October 24, 2019, Defendant's counsel sent a letter to Judge Palermo advising her that the Plaintiffs were refusing to sign the Settlement Agreement. A copy of the letter is attached as Exhibit C.

10.     Judge Palermo ordered Plaintiffs and both counsel to appear before her on Monday October 28, 2019, at 11:00 a.m. to discuss their refusal to sign the Settlement Agreement.

11.     On October 29, 2019, Plaintiffs Wallace and Morgan signed the Settlement Agreement.

12. Defendant's counsel acknowledged receipt of the two executed Settlement Agreements, but advised Plaintiffs' counsel that no payments would be made to any of the Plaintiffs until Thornton either signed the Settlement Agreement or the Court entered a finding that that the agreement entered into at mediation was enforceable. *See* October 29, 2019 e-mail from Christopher V. Bacon to Alfonso Kennard, attached as Exhibit D.

13. Plaintiffs' counsel continued to make efforts to persuade to sign the Settlement Agreement, but to no avail.[1] On November 19, 2019, Plaintiffs' counsel notified Defendant's counsel that he felt that future efforts to persuade Ms. Thornton to sign the Settlement Agreement would be futile.

## **Argument**

A federal court has inherent power to enforce agreements entered into in settlement of litigation. *See Bell v. Shexnayder*, 36 F.3d 447, 449 (5th Cir. 1994), and a district court may exercise its discretion to enforce a settlement agreement where one party has agreed to a settlement but later refuses to execute a formal agreement reciting the terms of the settlement. *See., e.g., Daftary v. Metropolitan Life Ins. Co.*, 136 F.3d 137 (1998 WL 30059), at *1 (5th Cir. 1998) (per curium). Here, there is uncontroverted evidence that Plaintiff Thornton knowingly and voluntarily agreed to the terms of the settlement. Not only did she sign a written Mediation Agreement that memorialized the terms of the settlement, but she was given an opportunity to express her dissent when Judge Palermo questioned each of the parties after they had signed the Mediation Agreement. She never indicated any opposition to the agreement that had been negotiated. Moreover, Plaintiff was also represented by able counsel with experience in employment law throughout the

---

[1] During this time, Defendant's counsel agreed to make the release mutual since this appeared to be a sticking point for Ms. Thornton.

3

mediation. Hence, there is no question that she had competent advice about the merits of the case and the reasonableness of the settlement.

Moreover, Ms. Thornton's position is not only at odds with Defendant Quality Electric, but also with the other two Plaintiffs in this case since Quality Electric is not willing to pay them the amounts promised until it is certain that it will not have to spend any money litigating this case against Ms. Thornton. The amount that Quality Electric agreed to settle this case for was based on the assumption that the company would achieve complete closure over this matter.

WHEREFORE, PREMISES CONSIDERED, Quality Electric moves this Court to enter an order finding that the Mediation Agreement that Ms. Thornton signed is enforceable and that this case will be dismissed with prejudice and that the proceeds of the settlement due to Ms. Thornton will not have to be paid until Ms. Thornton executes the Settlement Agreement. Furthermore, Quality Electric asks the Court to award it $3,937.50 in attorney's fees for the time spent attending the hearing on October 21, 2019 (1.50 hours) and the time spent drafting this motion. (3.00 hours).

Respectfully submitted,

*/s/ Christopher V. Bacon*
CHRISTOPHER V. BACON
State Bar No. 01493980
Federal ID 12670
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: 713.758.1148
Facsimile:   713.615.5014
cbacon@velaw.com

**ATTORNEY FOR DEFENDANT QUALITY ELECTRIC STEEL CASTINGS, L.P**.

**CERTIFICATE OF CONFERENCE**

I certify that on November 25, 2019, I conferred with Plaintiffs' counsel regarding this motion. Plaintiffs' Counsel has advised me that he intends to withdraw as Ms. Thornton's counsel, but can only represent that Ms. Thornton herself is opposed to this Motion. Counsel is not opposed to this motion with respect to Wallace and Morgan.

*/s/ Christopher V. Bacon*
Attorney for Defendant Quality Electric Steel Castings, LP

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of November, 2019, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system and automatically copied to all counsel of record.

*/s/ Christopher V. Bacon*
Attorney for Defendant Quality Electric Steel Castings, LP